

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

2-27-2006

# Fen v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-3954

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"Fen v. Atty Gen USA" (2006). *2006 Decisions.* Paper 1543.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/1543

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 04-3954

LIN ZHEN FEN; HAO CHEN,

Petitioners

v.

ALBERTO GONZALES*, ATTORNEY GENERAL UNITED STATES OF AMERICA,
Respondent

On Petition for Review of an Order of the
Board of Immigration Appeals
(Board No. A79-301-128/9)

Submitted Under Third Circuit LAR 34.1(a)
on January 12, 2006

BEFORE: ROTH, FUENTES and ROSENN**, <u>Circuit Judges</u>
(Opinion filed: February 27, 2006)

OPINION

*Attorney General Alberto Gonzales has been substituted for former Attorney General John Ashcroft, the original respondent in this case, pursuant to Fed. R. App.P. Appeals 43(c).

** This case was submitted to the panel of Judges Roth, Fuentes and Rosenn. Judge Rosenn died after submission, but before the filing of the opinion. The decision is filed by a quorum of the panel. 28 U.S.C.§46(d).

**ROTH,** Circuit Judge:

Lin Zhen Fen petitions for review of the order of the Board of Immigration (BIA) affirming, without opinion, the denial of the Immigration Judge (IJ) of her application for asylum, withholding of removal, and protection under the Convention Against Torture (CAT).[1] We will deny the petition.

Fen, a native and citizen of the People's Republic of China, arrived in the United States on November 18, 2000, and filed an application for asylum on February 26, 2001. Fen described how she was "forcibly sterilized against [her] will" in 1989 after "birth control officials came and ordered the doctor to sterilize [her]." According to that affidavit, Fen "was forced to have an IUD inserted" after the birth of her second daughter in July 1988, but subsequently "had it removed by a private doctor." Fen asserted that the day after giving birth to twins in August 1989, she was "forcibly sterilized against [her] will" after "birth control officials came and ordered the doctor to sterilize [her]." Fen claimed that she and her husband "hated the brutal government and the birth control policy in China." Therefore, Fen asserted that in March 1995, her "husband came to the U[nited] S[tates] first," and in November 2000, she "finally got a chance to come to the U[nited] S[tates] with [her] son." She left her other three children in China. Finally, Fen stated that, in January 2001, a doctor's examination demonstrated that "the [sterilization] was unsuccessful" and that she

---

[1]Fen is the lead petitioner in this case. Her son, Hao Chen, is a party to this proceeding only for derivative status.

was "not actually sterilized."

Fen appeared before the IJ in Philadelphia on August 7, 2003, for a removal hearing, conceding removability and seeking relief from removal by filing applications for asylum, withholding of removal, and protection under CAT.1  On February 7, 2003, the IJ denied Fen's applications for asylum, withholding of removal, and CAT protection.  The BIA affirmed the decision, without opinion, on September 13, 2004.  On October 12, 2004, Fen filed this petition for review.

We have jurisdiction to review final orders of the BIA under § 242(a)(1) of the Immigration and Nationality Act, 8 U.S.C. § 1252 (2005).  Where, as here, the BIA affirms the IJ's decision without opinion, we review the IJ's decision.  Partyka v. Attorney General, 417 F.3d 408, 411 (3d Cir. 2005).

We review the IJ's determination that an applicant failed to establish eligibility for asylum by showing "persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion,"[2] under a "substantial evidence" standard of review.  Gao v. Ashcroft, 299 F.3d 266, 272 (3d Cir. 2002).  An adverse credibility determination shall be sustained "if there is substantial evidence on the record to support it."  Senathirajah v. INS, 157 F.3d 210, 216 (3d Cir. 1998).

---

[2] 8 U.S.C. §§ 1101(a)(42)(A), 1158.  Under 8 U.S.C. §§ 1101(a)(42)(B), "a person who has been forced... to undergo involuntary sterilization, or who has been persecuted for failure or refusal to undergo such a procedure or for other resistance to a coercive population control program, shall be deemed to have been persecuted on account of political opinion."

To support an adverse credibility finding, discrepancies in an alien's testimony must involve the "heart of the asylum claim." Goa v. Ashcroft, 299 F.3d 266, 272 (3d Cir. 2002).

An IJ may require an applicant for asylum to corroborate otherwise credible testimony as a precondition for meeting his or her burden of proof. Abdulai v. Ashcroft, 239 F.3d 542, 554 (3d Cir. 2001); See also 8 C.F.R. § 208.13(a) (2000). The IJ's determination "with respect to the availability of corroborating evidence" cannot be reversed unless it is found "that a reasonable trier of fact is compelled to conclude that such corroborating evidence is unavailable." 8 U.S.C. § 1252(b)(4)(B).

Substantial evidence supports the IJ's adverse credibility determination. First, key facts that Fen testified to which support her claim of past persecution and fear of future persecution if returned to China were completely omitted from the affidavit. Furthermore, throughout her testimony, Fen continuously mumbled, gave hesitant responses to direct questions, and frequently gave responses that did not pertain to the questions directed to her regarding the circumstances motivating her departure from China.

We also agree with the IJ that corroborating evidence was necessary to shoulder Fen's burden of proof in light of the adverse credibility finding, and was available and reasonable under the circumstances. Fen's proffer of medical expert testimony, however, did not resolve factual issues as to whether Fen indeed underwent a sterilization procedure for violating China's family planning law. Furthermore, Fen failed to offer the corroborating testimony of her husband despite his availability.

The adverse credibility determination of the IJ, as adopted by the BIA, and his

conclusions that Fen failed to establish past persecution, and thereby establish both a subjective and objective well-founded fear of persecution if returned to China, are supported by substantial evidence.  Therefore, we will deny Fen's petition for review.